JAMES S. WILLETT, ADMINISTRATOR, ETC., RESPONDENT, *v.* SOLOMON KIPP AND GEORGE C. BYRNE, IMPLEADED WITH OTHERS, APPELLANTS.

*Sheriff — power of, to take bond from jailer — sureties upon — what must be proved in an action against.*

A sheriff may take from a jailer appointed by him a bond of indemnity, with satisfactory sureties, conditioned to secure the faithful performance of the jailer's duties, and such bond is not illegal as being taken by color of office.

By the terms of a bond given by the keeper of a jail, the sureties agreed to save and keep harmless the sheriff from any damages occasioned by any neglect of the keeper or misfeasance, or malconduct touching the duties of his office, expressly stipulating and agreeing that the recovery against the sheriff of any judgment by reason of any of the matters aforesaid should be conclusive evidence of their liability under the bond.

In an action brought by the administrator of the sheriff upon the bond, the plaintiff proved a judgment recovered against the sheriff for the alleged escape of one Cohen, who had been arrested by the sheriff by virtue of an execution issued against him. The complaint, in the action against the sheriff, alleged the arrest of Cohen, and that the sheriff, without leave or license, and against the will of the plaintiff, suffered and permitted the said Cohen to escape and go at large wherever he would out of the custody of the sheriff. *Held*, that the judgment recovered against the sheriff and the allegations of the complaint therein did not show that Cohen had escaped by reason of the negligence, misfeasance or nonfeasance of the jailer, and that it was an error to direct a verdict in favor of the plaintiff against the sureties upon the bond of the jailer.

APPEAL from a judgment in favor of the plaintiff entered upon a verdict directed by the court, and from an order denying a motion for new trial made upon the minutes of the justice before whom the action was tried.

*Ira Shafer*, for the appellants.

*A. J. Vanderpoel*, for the respondent.

DAVIS, P. J.:

This action was brought upon a bond given to the plaintiff's intestate, who was then sheriff, by the appellant, Solomon Kipp, who

was appointed keeper of the county jail, and the appellant, George C. Byrne, and three other parties as sureties.

The answer of these appellants put in issue the execution of the bond as set forth in the complaint, admitted the arrest of one Cohen by the sheriff and his committal to the county jail, but denied his escape therefrom, and denied also that he escaped by reason of any neglect of the keeper of the county jail or by reason of the nonfeasance, misfeasance or malconduct of the keeper touching the execution of his office. At the trial a motion was made for a dismissal of the complaint upon the opening of the plaintiff's counsel, which was denied, and the defendants excepted. These exceptions, if well taken at the time, would cease to be of any legal effect if, during the trial, sufficient evidence was given to justify a recovery. The bond, when put in evidence, was objected to on the ground that it was void, because illegally taken by color of office. This objection we think, had no foundation. The sheriff had authority to appoint a jailer and the liabilities of that officer to him are well established at common law. We think there is no doubt the sheriff may secure their performance by requiring the jailer to give him a bond of indemnity with satisfactory sureties.

The condition of the bond in this case was, in substance, that the jailer should in all things well and truly execute his office during his continuance therein, without any deceit, fraud, delay, neglect or oppression, and that the sureties shall at all times indemnify and save and keep harmless the said sheriff " of, from and against all issues, fines, demands, damages, costs, liabilities and charges whatsoever, hereafter to be produced, imposed, prosecuted, demanded or demandable for or by reason of any neglect of any kind whatsoever, of the said Solomon Kipp, in executing wrongfully or neglecting to execute the office of keeper of the jail for the said city and county during the time aforesaid. And also for or by reason of any manner of nonfeasance or misfeasance, or malconduct of the said Solomon Kipp, in anywise touching the execution of his said office of keeper of the jail." And the said bond also contains a provision " waiving notice of any suit or proceeding against said Willett for or by reason of any such nonfeasance, misfeasance or malconduct, expressly stipulating and agreeing that the recovery against said Willett of any judgment or the order imposing any fine, costs,

charge or liability upon said Willett, for or by reason of any of the matters aforesaid, shall be conclusive evidence of their liability under the bond."

The plaintiff proved the judgment and the proceedings in the action in which Cohen was arrested by the sheriff upon execution, and the judgment record in the action against the sheriff for the alleged escape; in which action the averments of the complaint as stated in the case were, that after the arrest of Cohen and on the tenth day of December, 1858, said sheriff, without leave or license and against the will of said plaintiff, suffered and permitted the said Cohen to escape and go at large wheresoever he would out of the custody of the said sheriff, the sum due to plaintiff upon said judgment being still wholly unpaid and unsatisfied. After proving the judgment the plaintiff rested.

The defendants moved to dismiss the complaint as to each of the defendants, separately, on the following grounds:

1. That the plaintiff failed to show the escape of Cohen except by the record, and that that is not evidence against the defendants.

2. That there was no proof of Cohen's escape through the fault or negligence of the jailer. That the recovery against the sheriff is not proof of that fact, and that the burden of proof is upon the plaintiff to establish the fact that the escape was through the fault or negligence of the jailer.

The court overruled the objections and directed a verdict for the plaintiff, to which the defendants duly excepted. The question presented is whether the proof given of the recovery against the sheriff is conclusive evidence against the defendants, of such an escape as renders them liable on their bond of indemnity. The rights of the appellant Byrne, he being a surety to the bond, are to be construed *strictissimi juris,* and he is entitled to call upon the sheriff to establish a liability clearly within the condition of the bond.

The bond does not cover every escape that might possibly occur, for which the sheriff might be liable, but such as shall occur by reason of the default or negligence or misfeasance or nonfeasance of the jailer.

It may well be, that if the record of the recovery against the sheriff had shown an escape clearly within the terms of the bond,

the rulings of the court below would have been entirely correct, and that the provision waiving notice of the action, together with the conditions of the bond, would have made a clear case of liability against these defendants; but the judgment record fails to show such an escape. The complaint alleges that the sheriff, without leave or license and against the will of the plaintiff in that action, suffered and permitted said Cohen to escape and go at large wheresoever he would out of the custody of the said sheriff, the judgment being still wholly unpaid and unsatified. This includes every kind of escape that could occur; but it fails to show that the particular escape in this case was such as would necessarily charge the jailer and his sureties. An escape after Cohen had been let to bail for the jail limits would be fairly within the allegations of the complaint, or an escape while he was actually out of the jail in the custody of the sheriff upon any process, or in any proceeding; and in neither of those cases would the jailer be liable on his bond. It was necessary, therefore, under the peculiar allegations of the complaint, for the plaintiff to have gone further, and to have shown that the escape was one made from the jail itself, under such circumstances, as to show actual or implied negligence on the part of the jailer. We think this was not shown, either by the proof or by any admission of the answer of these defendants. And for this reason there must be a new trial.

Judgment reversed, new trial ordered, costs to abide the event.

Brady and Daniels, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.